UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Owen Burgess, individually and on behalf of all others similarly situated; | Civil Action No: 1:21-cv-3730 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| -v.- | |
| Roach & Murtha Attorneys at Law, P.C.; | |
| Gemini Equities, LLC. | |
| Defendant. | |

Plaintiff Owen Burgess (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Horowitz Law, PLLC, against Defendants Roach & Murtha Attorneys at Law, P.C. ("Roach"); and Gemini Equities, LLC ("Gemini"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

1

2.      The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

4.      Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

5.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

6.      Plaintiff is a resident of the State of New York, County of Queens.

7.      Defendant Roach & Murtha Attorneys at Law, P.C. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 500 Bi County Boulevard., Suite 475, Farmingdale, New York 11735.

8.      Upon information and belief, Defendant Roach is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant Gemini Equities, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 243 Route 100, Building 2, Somers, NY 10589 and may be served via its registered agent c/o Spiegel & Utrera P.A., P.C. at 1 Maiden Lane, 5th Floor, New York, NY 10038.

10.     Upon information and belief, Defendant Gemini is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

11.     Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

12.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

13.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

14.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers…
as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely
themselves to bring suit under the Act, but who are assumed by the Act to benefit from the
deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d
85, 91 (2d Cir. 2008).

15.     As such, the circumstances of the particular debtor in question have no bearing as to
the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto,
Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he
or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the
plaintiff consumer's actions or inaction in response to a communication from a debt collector
are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

16.     Instead, "the test is how the least sophisticated consumer—one not having the
astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday,
common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

17.     If a debt collector's communication is "reasonably susceptible to an inaccurate
reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer
Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA
if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of
if the communication "would make the least sophisticated consumer uncertain as to her rights."
*Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

18.     The FDCPA is a strict liability statute, and a debt collector's intent may only be
considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*,
591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendnat's culpability my only be

considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## CLASS ALLEGATIONS

19.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

20.     Plaintiff seeks to certify a class of:

> All consumer to who Defendant Roach on behalf of Defendant Gemini sent an initial collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

21.     This action seeks a finding that Defendant Roach and Defendant Gemini's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. §1692k.

22.     The Class consist of more than thirty-five persons.

23.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## FACTUAL ALLEGATIONS

26.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

27.     Some time prior to July 2, 2020, an obligation was allegedly incurred by Plaintiff to Citibank (the "debt").

28.     The alleged obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

29.     The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

30.     Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

31.     Defendant Roach's initial collection letter stated that it represented a claimant to secure payment of the outstanding balance.

32.     Defendant Roach collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

33.     On or about July 2, 2020, Defendant Roach sent Plaintiff a collection letter (the "Letter") regarding the alleged debt. **See Exhibit A**.

34.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

　　1)   the amount of the debt;

　　2)   the name of the creditor to whom the debt is owed;

　　3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

　　4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

　　5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

35.     The Defendant's Letter did not contain all the requirements of the "G-Notice".

36.     First, the Letter deceptively fails to properly identify who the current creditor to whom the alleged debt is owed.

37.     The Letter's heading states as follows:

RE:    Plaintiff: GEMINI EQUITIES, LLC ASSIGNEE IN INTEREST TO ERIN CAPITAL MANAGEMENT, LLC
Original Creditor: CITIBANK
Index Number:  CV-051681-07/QU
Judgment Principle Due: $6,964.28
Judgment Interest Due: $8,043.46
Judgment Date: 9/5/2007
Judgment Current Balance Due: $15,007.74
File Number: ▇▇▇▇▇▇▇▇

38.     The Letter continues and states, "We represent the above listed claimant to secure payment of the outstanding balance due on the above listed account."

39.     The Letter does not clearly identify who the "claimant" is; it lists the "Original Creditor: CITIBANK" and it lists the "Plaintiff: GEMINI EQUITIES, LLC ASSIGNEE IN INTEREST TO ERIN CAPITAL MANAGEMENT, LLC".

40.     Plaintiff is unsure who Defendant Roach is claiming as the "claimant" and if that "claimant" is the current creditor of the account.

41.     It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

42.     The Plaintiff has no way of knowing who the current creditor is from the Letter and is damaged because he cannot make an informed decision regarding the debt without knowing the identity of the current creditor.

43.     Second, the Letter's heading makes clear that the balance has increased since judgment was entered.

44.     However, the Letter does not disclose to Plaintiff if the balance will continue to increase or if those post-judgment interest amounts are no longer accruing.

45.     Failure to account for the accrual of interest and fees or the breakdown of the same is deceptive and misleading as Plaintiff is unable to determine whether interest would continue to accrue until the debt is settled.

46.     If interest will continue to accrue during the collection process, the collection letter must explicitly state so:

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> ***Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.*** We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts. (Emphasis Added)

Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76, 2016 U.S. App. LEXIS 5327, *6-7 (2d Cir. N.Y. 2016)

47.     Furthermore, if the account is including interest, the balance claimed due and owing in the Letter may not be the amount due at the time of payment because of additional interest applied to the account.

48.    In the alternative, if interest is not continuing to accrue post charge-off, then Defendants should state that the interest and fees provided are a onetime charge.

49.    A collection Letter must clearly display the balance owed, the confusing added interest makes it impossible for a consumer to know how much is owed and if the debt will be considered paid if payment in full is made.

50.    The confusing and misleading added amounts overshadows the "g-notice" language and coerces the consumer not to exert his rights under the Fair Debt Collection Practices Act.

51.    Stating inaccurate balance amounts is materially misleading to Plaintiff since it is a knowingly false statement.

52.    Defendant's false statement overshadowed Plaintiff's §1692g right to dispute or validate the debt as he would be confused regarding the correct balance owed.

53.    Third, Defendant Roach's Letter misstates the consumer's rights and responsibilities under the G-Notice.

54.    It states in relevant part:

You have the right to dispute the claim. However, if you do not dispute the validity of this debt of any portion thereof within thirty (30) days after your receipt of this notice, this office will assume that this debt is valid. If you notify this office in writing that this debt or any portion thereof is disputed within the aforementioned 30-day period, we will suspend any further action to collect this debt until such time as we forward to you verification of the debt. In addition, we will provide you with the name and address of the original creditor, if different from the current creditor.

55.    15 U.S.C. §1692g(a)(4) requires a debt collector to inform the consumer that if "the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector".

56.     Defendant Roach's deficient G-Notice fails to inform Plaintiff that he can obtain a copy of the purported judgment the alleged debt is based upon.

57.     Defendant's incomplete G-Notice confuses Plaintiff as to his rights to dispute the alleged judgment the collection Letter is based upon.

58.     Furthermore, 15 U.S.C. §1692g(a)(5) requires a statement from the debt collector to inform the consumer of his right to request the name and address of the original creditor if different from the current creditor.

59.     Upon information and belief, Defendant Roach would only provide the information as to the original creditor if Plaintiff would request it in writing.

60.     Defendant Roach's Letter implies that Plaintiff would receive the creditor information as of right without having to request it.

61.     Upon information and belief, Defendant Roach has not provided Plaintiff with the creditor information.

62.     Due to Defendant's actions, Plaintiff was confused and thought he does not have to request creditor information.

63.     Defendant's actions were false, deceptive, and or misleading.

64.     Plaintiff was concerned and confused by the Letter and was therefore unable to evaluate his options of how to handle this debt.

65.     The Letter is therefore false, misleading, unfair, illegal, unconscionable, and deceptive.

66.     Plaintiff would have pursued a different course of action were it not for Defendant's violations.

67.     Because of the Letter, Plaintiff expended time, money, and effort in determining the proper course of action.

68.     In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

69.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

70.     Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

71.     As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.


## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

72.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

73.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

74.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75.     Defendants violated said section by falsely representing the original creditor of the alleged debt and failing to state that post-judgment interest would continue to accrue on the debt, in violation of §1692e, and §1692e (10).

76.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

77.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

78.     In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violation various provision of the FDCPA, including but not limited to, 15 U.S.C. §1692f.

79.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

80.     Defendant violated this section by unfairly and unconscionably collecting the alleged debt, as described above.

81.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq.* of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

82.     Plaintiff repeats the above allegations as if set forth here.

83.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

84.     Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…
>
> 1. the amount of the debt;
>
> 2. the name of the creditor to whom the debt is owed;
>
> 4. a statement that if the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

85.    Defendant violated this section by failing to provide the proper notice required by Section 1692g in an initial collection letter.

86.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

87.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff Owen Burgess, individually and on behalf of all others similarly

situated, demands judgment from Defendant Roach as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying

Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.


Dated: Flushing, New York
           July 1, 2021


                                        */s/ Uri Horowitz*
                                        By:  Uri Horowitz, Esq.
                                        **Horowitz Law, PLLC**
                                        14441 70th Road
                                        Flushing, NY 11367
                                        Phone: (718) 705-8700
                                        Fax: (718) 705-8705
                                        *Attorneys For Plaintiff*